IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:08-CV-239-FL

LARRY L. MORRIS, JR.,                )
                                     )
    Plaintiff,                       )
                                     )
        v.                           )    **AMENDED MEMORANDUM**
                                     )    **AND RECOMMENDATION**
OFFICER J.B. EDMONDS, individually   )
and in his official capacity with the)
Rocky Mount Police Department, and   )
THE CITY OF ROCKY MOUNT, N.C.,       )
                                     )
    Defendants.                      )
                                     )

Pursuant to 28 U.S.C. § 636(b)(1), this Court entered an Order and a Memorandum and Recommendation ("M&R") on 16 June 2008, allowing Plaintiff's motion to proceed *in forma pauperis* [DE-1] and recommending that Plaintiff's complaint be dismissed in its entirety for failing this Court's frivolity review in accordance with 28 U.S.C. § 1915. [DE-4]. On 1 July 2008, Plaintiff timely filed objections to the M&R [DE-6] and filed a motion to amend his complaint [DE-7]. On July 15, 2008, the District Court entered an order allowing Plaintiff to amend his complaint and directed this Court to conduct a frivolity review of Plaintiff's amended complaint. [DE-8]. For the reasons set forth below, it is recommended that Plaintiff's claims be dismissed in part and allowed in part.

## I. STATEMENT OF FACTS

Plaintiff, a resident of Florida, has filed an amended complaint seeking compensatory and punitive damages under 42 U.S.C. §§ 1983, 1985(3) and North Carolina tort law, based upon his alleged wrongful arrest by Defendant Officer J.B. Edmonds ("Officer Edmonds"), a Rocky

Mount police officer. [DE-7-2]. According to the amended complaint, on 31 January 2007, Officer Edmonds arrested Plaintiff for second degree trespassing. *See* Am. Compl. at ¶ 8.

The amended complaint describes the details preceding the arrest as follows: Plaintiff was traveling from Washington, D.C. to Miami, Florida by train on a route which took him through Rocky Mount, North Carolina. *Id.* While in Rocky Mount, Plaintiff, an African-American, along with three Caucasian passengers, was instructed to disembark the Amtrak train by the conductor. *Id.* Upon disembarking the train, Officer Edmonds ordered Plaintiff to leave the property and verbally assaulted Plaintiff with threats of arrest and imprisonment. *Id.* Plaintiff inquired as to the reason he was required to leave the premises as no warrant had been issued and the three Caucasian passengers were not given the same warning. *Id.* Officer Edmonds instructed Vernon Stancil, an Amtrak employee, to order Plaintiff to leave the premises. *Id.* Plaintiff requested the location of the property line, at which point Officer Edmonds arrested Plaintiff for trespassing. *Id.* Plaintiff was handcuffed and transported to jail, where he spent five days prior to posting bond and traveling to Florida. *Id.* Subsequently, Plaintiff was tried for second degree criminal trespass in Edgecombe County, North Carolina, and found not guilty of the charge. [DE-6-2, 6-3, Obj. to M&R, Exhibits A, B].

Plaintiff subsequently brought this action under § 1983 and § 1985 against Officer Edmonds, in his individual and official capacities, and the City of Rocky Mount ("Rocky Mount"), alleging that his arrest violated (1) his due process rights under the Fourth, Fifth and Fourteenth Amendments; and (2) his equal protection rights under the Fourteenth Amendment. *See* Am. Compl. at ¶¶ 12-13.[1] Plaintiff has also alleged tort claims of negligence, malicious

---

[1] Plaintiff's original complaint sought recovery against the Rocky Mount Police Department ("RMPD") in addition to Officer Edmonds and Rocky Mount. [DE-1-2]. Plaintiff's amendment is

2

prosecution, battery and intentional infliction of emotional distress arising under North Carolina law. *Id.* at 2-4. Plaintiff seeks compensatory damages of $185,000 and punitive damages of $50,000, in addition to loss of wages, travel and research costs and other related expenses. *Id.*

## II. STANDARD OF REVIEW

A court must dismiss a case brought *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)).

With respect to the first ground for dismissal, a complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although the complaints of *pro se* plaintiffs are entitled to more liberal treatment than those drafted by attorneys, *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," *Neitzke*, 490 U.S. at 327, which include those with factual allegations that are "fanciful," "fantastic" or "delusional." *Id.* at 325, 328. Absent such allegations, "the initial assessment of

---

construed by this Court as having removed RMPD as a defendant from this action. *See* Fed. R. Civ. P. 15, 21.

the *in forma pauperis* plaintiff's factual allegations must be weighted in [his] favor." *Denton*, 504 U.S. at 32.

The standard for dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same standard set forth in Fed. R. Civ. P. 12(b)(6) and this Court will look to cases decided under that rule for the appropriate review standard. Accordingly, a complaint should be dismissed for failing to state a claim only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6)). A court must accept as true all well-pleaded allegations and view those allegations in the light most favorable to the plaintiff, construing all reasonable factual inferences in the plaintiff's favor. *Id.* Moreover, civil rights complaints, particularly those filed by *pro se* plaintiffs, are entitled to even greater latitude. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) ("[W]e must be especially solicitous of the wrongs alleged [in a civil rights complaint] and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.") (citation and internal quotation marks omitted). Nonetheless, a civil rights plaintiff may not simply present conclusions, but must "allege with specificity some minimum level of factual support" for his claim in order to avoid dismissal. *White*, 886 F.2d at 724.

Finally, the remaining ground for dismissal under § 1915, immunity of a defendant, relates to the protection the law affords certain governmental entities and officials against particular types of lawsuits. 28 U.S.C. § 1915(e)(2)(B)(iii). The aspects of governmental immunity as applicable to this case are discussed below.

## III. ANALYSIS

### A. Plaintiff's due process[2] and equal protection claims under 42 U.S.C. § 1983

Although § 1983 is not a "source of substantive rights," it provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000), *cert. denied*, 531 U.S. 1130 (2001); *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994). To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 49-50 (1988).

#### 1. *Claims asserted against Officer Edmonds in his official capacity*

In a § 1983 action, an official-capacity claim is a claim against the governmental entity of which the official is an agent. *Wyche v. City of Franklinton*, 837 F. Supp. 137, 144 (E.D.N.C. 1993) ("A suit against a city official in his official capacity is a suit against the city itself.") (citing *Hughes v. Blankenship*, 672 F.2d 403, 406 (4th Cir. 1982)). Because Plaintiff has named the City of Rocky Mount as a defendant, Plaintiff's official capacity § 1983 claim against Officer

---

[2] Plaintiff's second claim alleges unlawful and malicious detention and confinement in violation of the Fifth and Fourteenth Amendments. *See* Am. Compl. at ¶ 13 [DE-7-2]. However, any due process claim by Plaintiff must be grounded in the due process clause of the Fourteenth Amendment given "the due process of the Fifth Amendment applies to action by the federal government." *Qwest Communs. Corp. v. City of Greensboro*, 440 F. Supp. 2d 480, 493 (M.D.N.C. 2005). Also, no allegations in the complaint suggest a violation of Plaintiff's Fifth Amendment right against self-incrimination. Moreover, such a right is implicated only when evidence is proffered during a criminal trial. *See Riley v. Dorton*, 115 F.3d 1159, 1164-65 (4th Cir. 1997). Finally, while the "takings clause" of the Fifth Amendment does apply to the states through the Fourteenth Amendment, Plaintiff does not allege a Fifth Amendment "taking." *See Dolan v. City of Tigard*, 512 U.S. 374, 383 (1994).

5

Edmonds is duplicative and should therefore be dismissed. *See Wyche*, 837 F. Supp. at 144 (stating § 1983 claims against city police officer were subsumed by the claims against the city);

2. *Claims asserted against Officer Edmonds in his individual capacity*

"In conducting a frivolity review, a court may consider the defense of qualified immunity." *Hinton v. Holding*, 2008 U.S. Dist. LEXIS 46153, 2008 WL 2414042, at *3 (E.D.N.C. June 12, 2008) (citing *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 920-21 (2007); *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense...appears on its face")). Police officers sued in their individual capacities are entitled to immunity from § 1983 liability for money damages as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Police officers performing a discretionary function are entitled to immunity from civil damages "unless (1) the officers' conduct violates a federal statutory or constitutional right, and (2) the right was clearly established at the time of the conduct, such that (3) an objectively reasonable officer would have understood that the conduct violated that right." *Milstead v. Kibler*, 243 F.3d 157, 161 (4th Cir. 2001). Accordingly, at this stage of the proceedings, this Court must determine whether the facts, viewed in the light most favorable to Plaintiff, establish that Officer Edmonds violated a constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) (describing this inquiry as the "threshold question" in ruling upon the issue of qualified immunity).

### a. Fourth Amendment Arrest Claim

"The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). An arrest made in violation of the Fourth Amendment protection against unreasonable seizures will give rise to a cause of action under § 1983. *See Carter v. Jess*, 179 F. Supp. 2d 534, 540 (D. Md. 2001) (citing *Hannah v. City of Overland, Mo.*, 795 F.2d 1385, 1389 (8th Cir. 1986) (holding that a § 1983 action lies for warrantless arrest without probable cause)).

Here, Plaintiff has alleged that Officer Edmonds did not have probable cause to make an arrest and that the arrest was without reasonable grounds for Officer Edmonds to believe Plaintiff had committed an offense. *See* Am. Compl. at ¶ 12 [DE-7-2]. Given Plaintiff has alleged the violation of his Fourth Amendment right to be free from unreasonable seizure, this Court finds that Plaintiff has set forth sufficient facts to state a claim for relief. *See Green v. Maroules*, 211 Fed. Appx. 159, 161 (4th Cir. 2006) (finding plaintiff stated a cause of action under § 1983 where plaintiff alleged officer acted under state law and without cause).

### b. Fourteenth Amendment Equal Protection Claim

"The purpose of the equal protection clause...is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination...." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (internal quotation marks and alteration omitted). In acknowledging this guarantee, "the Supreme Court has recognized the validity of 'class of one' Equal Protection claims, 'where the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Willis v.*

7

*Town of Marshall*, 426 F.3d 251, 263 (4th Cir. 2005) (quoting *Vill. of Willowbrook*, 528 U.S. at 564).

Plaintiff, an African-American, has "alleged differential treatment - a false arrest, through which [three Caucasian Amtrak passengers] similarly situated presumably [did] not have to suffer - resulting from intentional discrimination in the form of racial profiling." *Green*, 211 Fed. Appx. at 162; *see* Am. Compl. at ¶¶ 10, 12, 14. This Court finds that Plaintiff has sufficiently stated a claim arising under § 1983 based on a violation of his rights under the Equal Protection Clause, as he has "alleged that []he was racially profiled and consequently, falsely arrested." *See Green*, 211 Fed. Appx. at 162.

    c.    <u>Detention and False Imprisonment Claim</u>

Plaintiff alleges further that he was deprived of his constitutional rights as a result of his "unlawful and malicious detention and confinement." False imprisonment is "the illegal restraint of a person against his will" and "restraint is illegal if it is unlawful or [without consent]." *Moore v. Evans*, 124 N.C. App. 35, 42, 476 S.E.2d 415, 421 (1996) (citations omitted). "[A] warrantless arrest without probable cause lacks legal authority and is therefore unlawful." *Id.* (citation omitted). Thus, when a police officer effects an arrest without probable cause, the officer also commits false imprisonment. *Bailey v. Kennedy*, 349 F.3d 731, 742 (4th Cir. 2003); *accord Moore*, 124 N.C. App. at 42, 476 S.E.2d at 421. Viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has set forth sufficient facts to support a § 1983 claim based on false imprisonment against Officer Edmonds in his individual capacity.

3. *Claims asserted against the City of Rocky Mount*

A municipality may be held liable under § 1983 only if the actions of the governmental agent in question represented a policy or custom of the municipality that caused the plaintiff's injury. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citations omitted). Moreover, the official policy or custom must have "a specific deficiency or deficiencies...such as to make the specific violation almost bound to happen, sooner or later, rather than merely likely to happen in the long run." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (citation and internal quotation marks omitted). "[T]he substantive requirements for establishing municipal liability for police misconduct are stringent...[and] imposed...in a deliberate effort to avoid the indirect or inadvertent imposition of forms of vicarious liability rejected [by the United States Supreme Court]." *Spell v. McDaniel*, 824 F.2d 1380, 1391 (4th Cir. 1987), *cert. denied*, 484 U.S. 1027 (1988) (to prevail under § 1983, a plaintiff must identify the specific policy or custom, fairly attribute the policy or custom and fault for its creation to the particular local governmental entity, and show an affirmative link or causal connection between the identified policy or custom and the specific violation).

A municipality's liability under § 1983 may arise in four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (internal quotation marks omitted) (citing *Carter*, 164 F.3d at 217). Plaintiff alleges Rocky Mount failed to "instruct, supervise, control and discipline" its officers on "THE PROPER MANNER IN WHICH TO DEAL WITH

9

INTERSTATE TRAVELERS," thereby displaying deliberate indifference to the constitutional rights of out-of-state travelers to be free from unreasonable seizure, imprisonment and prosecution. Am. Compl. at 3 (emphasis in original). Plaintiff alleges further that Rocky Mount should be held liable for the lack of adequate policy "relat[ing] to interstate commerce AND TRESPASSING LAWS THAT RELATE DIRECTLY TO INTERSTATE AND/OR TEMPORARY VISITORS OR TRAVELERS." *Id.* (emphasis in original).

While the manner in which a city chooses to train or supervise its police force is "necessarily a matter of policy," *Spell*, 824 F.2d at 1389, "[t]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *Canton v. Harris*, 489 U.S. 378, 390-91 (1989). Rather, "the need for more or different training [must be] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390. Accordingly, a plaintiff must demonstrate that the alleged injury "would...have been avoided had the [officer] been trained under a program that was not deficient in the identified respect." *Id.*

"[P]roof of a single incident of the unconstitutional activity charged is not sufficient to prove the existence of a municipal custom." *Semple v. City of Moundsville*, 195 F.3d 708, 713-14 (4th Cir. 1999), *cert. denied*, 528 U.S. 1189 (2000). However, at this point, the issue is whether Plaintiff alleged a sufficient factual basis to support a claim for relief. *See Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (explaining a *pro se* complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

10

claim which would entitle him to relief") (citation omitted); *see also Wilkerson v. Thrift*, 124 F. Supp. 2d 322, 330-331 (W.D.N.C. 2000) ("There is no requirement that [plaintiff] detail the facts underlying his [§ 1983] claims, or that he plead the multiple incidents of constitutional violations that may be necessary at later stages to establish the existence of an official policy or custom and causation.") (quoting *Jordan v. Jackson*, 15 F.3d 333, 338-39 (4th Cir. 1994)). Construing the allegations in his complaint liberally as required by the standard at this stage in the litigation, this Court finds that Plaintiff has asserted a claim under § 1983 against Rocky Mount. *See Wilkerson*, 124 F. Supp. at 330 (denying motion to dismiss where plaintiff alleged that "the City had deficient training programs concerning proper procedures for vehicle stops, arrest, search and seizure of an individual and for impounding of a vehicle..."); *see also Jordan*, 15 F.3d at 340 (finding plaintiff stated a claim by alleging that "County defendants maintained a policy of providing inadequate training to their employees...on how to determine whether a summary removal was proper...").

### B. Plaintiff's conspiracy claim under 42 U.S.C. § 1985(3)

Plaintiff has alleged that as a result of a conspiracy between Officer Edmonds and Vernon Stancil, an Amtrak employee, Plaintiff "was the only African-American passenger to be arrested." Am. Compl. at ¶ 14. "[T]o establish a sufficient cause of action for 'conspiracy to deny equal protection of the laws' under section 1985(3), a plaintiff must prove: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act

11

committed by the defendants in connection with the conspiracy." *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995).

Here, Plaintiff alleges the concerted actions of Officer Edmonds and Vernon Stancil were motivated by Plaintiff's race and as a result, Plaintiff was deprived of his civil rights thereby resulting in mental harm. *See* Am. Compl. at ¶¶ 14, 18. Read liberally, Plaintiff's complaint contains the necessary elements of a § 1985 claim. *See Green*, 211 Fed. Appx. at 162-63 (finding *pro se* plaintiff stated a cause of action under § 1985(3) where plaintiff alleged that she was a target of racial profiling and defendants conspired to falsely arrest her).

## C. Plaintiff's state law tort claims

Plaintiff has asserted North Carolina tort claims of negligence, malicious prosecution, battery and intentional infliction of emotional distress against Rocky Mount and Officer Edmonds in his individual and official capacities. *See* Am. Compl. at 3-4.

With respect to governmental immunity, "a municipality and its officers or employees sued in their official capacities are immune from suit for torts committed while [] performing a governmental function...[and a] police officer in the performance of his duties is engaged in a governmental function." *Mullins v. Friend*, 116 N.C. App. 676, 680, 449 S.E.2d 227, 230 (1994) (citations omitted). A city may, however, waive its immunity through the purchase of liability insurance. *Id.* (citing N.C. Gen. Stat. § 160A-485(a)). Absent allegations of waiver, a plaintiff has failed to state a claim against the government entity or the officer or employee. *Id.* at 681. In this case, however, Plaintiff has alleged that Rocky Mount waived its immunity from suit by purchasing liability insurance. *See* Am. Compl. at 3. As for holding an officer personally liable in his individual capacity, a plaintiff must make a prima facie showing that the officer's conduct

12

is malicious, corrupt or outside the scope of his official authority. *Mullins*, 116 N.C. App. at 681. Plaintiff has alleged that Officer Edmonds acted without probable cause in arresting him. *See* Am. Compl. at ¶ 12. The lack of probable cause gives rise to an inference of malice. *See Cook v. Lanier*, 267 N.C. 166, 170 (1966).

1. *Negligence*

"To establish a prima facie case of negligence, a plaintiff must allege facts showing: (1) defendant owed plaintiff a duty of reasonable care; (2) defendant breached that duty; (3) defendant's breach was an actual and proximate cause of plaintiff's injury; and (4) plaintiff suffered damages as the result of defendant's breach." *Winters v. Lee*, 115 N.C. App. 692, 694, 446 S.E.2d 123, 125, *cert. denied*, 338 N.C. 671, 453 S.E.2d 186 (1994); *Brown & Williamson Tobacco Corp. v. CSX Transp.*, 882 F. Supp. 511, 513 (E.D.N.C. 1995).

Plaintiff has alleged that Rocky Mount owed "a duty to supervise or train its officers," that Officer Edmonds had a duty to protect citizens and that through Plaintiff's false arrest, both Defendants breached their respective duties, thereby resulting in harm to Plaintiff. *See* Am. Compl. at 3. Accordingly, this Court finds that Plaintiff has sufficiently stated a claim for negligence against Rocky Mount and Officer Edmonds.

2. *Malicious Prosecution*

To state a claim for malicious prosecution, a plaintiff must allege that the defendant "(1) instituted, procured or participated in the criminal proceeding against [the] plaintiff; (2) without probable cause; (3) with malice; and (4) the prior proceeding terminated in favor of [the] plaintiff." *Moore*, 124 N.C. App. at 42 (citations omitted). "Malice can be inferred from the want of probable cause alone" *Fowler v. Valencourt*, 108 N.C. App. 106, 111, 423 S.E.2d 785,

13

789 (1992), *rev'd in part on other grounds*, 334 N.C. 345, 435 S.E.2d 530 (1993) (citations omitted); however, "North Carolina law requires specific allegations of fact to show a want of probable cause." *Peck v. Town of Lake Lure*, 2001 U.S. Dist. LEXIS 13179, at *14 (W.D.N.C. Feb. 23, 2001) (citing *Greer v. Skyway*, 256 N.C. 382, 390, 124 S.E.2d 98, 103 (1962)).

Officer Edmonds initiated the criminal prosecution against Plaintiff which ended with a verdict in favor of Plaintiff. [DE-6-2, 6-3, Object. to M&R, Exhibits A, B]. Plaintiff alleges further that Officer Edmonds lacked probable cause for the arrest of Plaintiff and that the arrest was in fact the result of racial profiling. *See* Am. Compl. at 2. Accordingly, this Court finds Plaintiff has plead the necessary elements of a malicious prosecution claim against Officer Edmonds in his individual and official capacities.

3. *Battery*

"A battery is made out when the...plaintiff is offensively touched against h[is] will." *Glenn-Robinson v. Acker*, 140 N.C. App. 606, 625, 538 S.E.2d 601, 615 (2000) (citing *Ormond v. Crampton*, 16 N.C. App. 88, 94, 191 S.E.2d 405, 410 (1972)). A battery need not be "perpetrated with maliciousness, willfulness or wantonness and actual physical injury need not be shown in order to recover." *Myrick v. Cooley*, 91 N.C. App. 209, 215, 371 S.E.2d 492, 496 (1988) (citations omitted). However, a battery "by a law enforcement officer upon a citizen can provide the basis for a civil action for damages against the officer *only if a plaintiff can show that the officer used force against plaintiff which was excessive* under the given circumstances." *Glenn-Robinson*, 140 N.C. App. at 625 (emphasis added).

Plaintiff alleges Officer Edmonds unlawfully touched Plaintiff by "intentionally and deliberately grabb[ing]...and handcuff[ing]" him. Am. Compl. at ¶ 17. If Officer Edmonds did

14

not have probable cause to arrest Plaintiff, then "any use of force becomes at least a technical assault and battery against [P]laintiff." *Glenn-Robinson*, 140 N.C. App. at 625. Given Plaintiff has alleged unlawful touching and a lack of probable cause for his arrest, the Court finds Plaintiff has sufficiently stated a cause of action for battery against Officer Edmonds in his individual and official capacities.

4. *Intentional Infliction of Emotional Distress*

To state a claim for intentional infliction of emotional distress under North Carolina law, plaintiff must allege (1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress. *Dickens v. Puryear*, 302 N.C. 437, 452, 276 S.E.2d 325, 335 (1981). Whether the conduct alleged is sufficiently "extreme and outrageous" to support a claim for intentional infliction of emotional distress is a question of law. *Lenins v. K-Mart Corp.*, 98 N.C. App. 590, 599, 391 S.E.2d 843, 849 (1990). "[M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" do not constitute extreme and outrageous conduct. *Briggs v. Rosenthal*, 73 N.C. App. 672, 677, 327 S.E.2d 308, 311 (1985) (quoting Restatement (Second) of Torts 46, Comment d). Rather, conduct is extreme and outrageous when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 493, 340 S.E.2d 116, 123 (1986).

Plaintiff alleges that Officer Edmonds grabbed, handcuffed and jailed Plaintiff without probable cause. Plaintiff contends further that he has been traumatized and unable to find employment as a result of Officer Edmonds' actions. Am. Compl. at ¶ 18. Viewing the facts in

15

the light most favorable to Plaintiff, the Court finds that Plaintiff has plead sufficient facts to support a claim of intentional infliction of emotional distress against Rocky Mount and Officer Edmonds in his individual and official capacities. *See Gamble v. Barnette*, 2007 U.S. Dist. LEXIS 48815, 2007 WL 2003418, at *7-8 (W.D.N.C. July 5, 2007) (denying defendant's motion to dismiss claim of intentional infliction of emotional distress where plaintiff alleged officer arrested plaintiff without probable cause).

## D. Punitive Damages

Plaintiff requests punitive damages with respect to his § 1983 and state law tort claims. Punitive damages are "available in § 1983 actions for conduct that involves 'reckless or callous indifference to the federally protected rights of others,' as well as for conduct motivated by evil intent." *Cooper v. Dyke*, 814 F.2d 941, 948 (4th Cir. 1987) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). However, Plaintiff may not recover punitive damages on his "official capacity" claims as a matter of law, because those claims are analogous to a claim against a municipality or other local government unit, for which punitive damages are not available. *See Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("[A] municipality is immune from punitive damages under 42 U.S.C. § 1983"). Therefore, the Court recommends that Plaintiff's claim for punitive damages against Rocky Mount and Officer Edmonds in his official capacity be dismissed.

However, there is no such bar as to the punitive damages claims against an individual defendant sued in his individual capacity. *See Smith v. Wade*, 461 U.S. 30, 35 (1983) ("Individual public officers [are] liable for punitive damages for their misconduct on the same basis as other individual defendants" where "the defendant's conduct is shown to be motivated by

16

evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."). In addition, punitive damages are available under North Carolina law if the plaintiff shows, by clear and convincing evidence, that the wrongful conduct was accompanied by (1) fraud, (2) malice, or (3) willful or wanton conduct. N. C. Gen. Stat. § 1D-15.

This Court finds at this stage in the litigation that Plaintiff has sufficiently alleged malice, willful conduct, and deliberate indifference to Plaintiff's constitutional rights to support a claim for punitive damages against Officer Edmonds in his individual capacity under both § 1983 and North Carolina law.

## IV. CONCLUSION

For the foregoing reasons, this Court recommends the DISMISSAL of Plaintiff's § 1983 claim against Officer Edmonds in his official capacity and DISMISSAL of Plaintiff's claim for punitive damages against Rocky Mount and Officer Edmonds in his official capacity. Plaintiff has set forth a sufficient factual basis as to his remaining claims to overcome a frivolity determination by this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and it is therefore recommended that these claims proceed.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 16th day of July, 2008.

                                        */s/ Robert B. Jones, Jr.*
                                        Robert B. Jones, Jr.
                                        United States Magistrate Judge