# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

No. 5:08-CV-239-FL

| | |
|---|---|
| LARRY L. MORRIS, JR., | ) |
|    Plaintiff, | ) |
| v. | ) **ORDER AND** |
| | ) **MEMORANDUM AND** |
| OFFICER J.B. EDMONDS, | ) **RECOMMENDATION** |
| *individually and in his official capacity* | ) |
| *with the Rocky Mount Police Department*, | ) |
| and THE CITY OF ROCKY MOUNT, N.C., | ) |
|    Defendants. | ) |

This matter is before the Court on Plaintiff's motions to amend the Case Management Order ("CMO") with respect to the subjects of discovery [DE-34] and the discovery deadlines [DE-35 & 44] and Defendants' motion for sanctions [DE-39]. Plaintiff also objects, in his motion to amend the discovery deadlines, to Defendants' discovery requests. The Defendants have responded [DE-37], and Plaintiff has not filed a response to the motion for sanctions. These matters are now ripe for ruling.

**I. Statement of the Case**

Plaintiff initiated this suit on May 22, 2008, and subsequently filed an amended complaint on July 24, 2008, alleging, among other things, that his January 31, 2007 arrest at a train station violated his civil rights. While Plaintiff was not incarcerated at the time he initiated this action, he was later incarcerated on September 26, 2008. On October 27, 2008, Plaintiff filed his Rule 26(f) Report, and on November 24, 2008, the District Court entered a CMO. The CMO included a December 10, 2008 deadline for exchange of initial disclosures and a February 28, 2009 discovery deadline.

Plaintiff filed a motion to appoint counsel on December 1, 2008, a motion to amend

the discovery subjects on December 10, 2008, and motions to amend the case management deadlines on December 15, 2008 and February 9, 2009. Defendants filed their motion for sanctions on January 23, 2009. On January 28, 2009, the District Court entered an Order referring the motions to appoint counsel [DE-33], to amend the subjects for discovery [DE-34], and to amend the discovery deadlines [DE-35 & 44] to the undersigned for decision and the motion for sanctions for a memorandum and recommendation. On March 5, 2009, the Court issued a separate order denying Plaintiff's motion to appoint counsel [DE-45].

## II. Discussion

### A. Expansion of Subjects for Discovery

The scope of discovery generally includes any nonprivileged matter that is relevant to any party's claim or defense and may be limited by court order. Fed. R. Civ. P. 26(b)(1). Plaintiff must show good cause to expand the scope of discovery. Fed. R. Civ. P. 16(b)(4). The CMO set forth the following subjects for discovery: "Events giving rise to and stemming from the arrest upon which plaintiff bases his claim, plaintiff's medical and work history, policies and procedures of the city of Rocky Mount and its police department, all elements of damages plaintiff contends he suffered." Plaintiff requests that the Court add to the subjects for discovery four discrete items: (1) "Officer Edmonds' complaint record and the number of frivolous arrests or cases where the local prosecutor dropped the charges;" (2) "Any Internal Affairs investigations into the conduct of Officer Edmonds;" (3) "The number of persons arrested at the Amtrak/Greyhound terminal in Rocky Mount, N.C.;" and (4) "The nature of the dispatch call from the Amtrak conductor that initially brought the Rocky Mount Police to the scene of the arrest."

With respect to items one and two, Plaintiff is entitled to discover evidence regarding

complaints against the arresting officer, but not Internal Affairs investigations. The request for "[a]ny Internal Affairs investigations" is cumulative of item one. The third item seeks statistical information for all arrests made in the train station. This request does not appear to be relevant to Plaintiff's claims. The fourth item, regarding the dispatch call, appears to fall within the scope of the existing Case Management Order. Accordingly, other than evidence regarding complaints against the arresting officer, Plaintiff has not shown good cause to expand the scope of discovery. As such, Plaintiff's motion to amend the subjects of discovery [DE-34] is **GRANTED IN PART AND DENIED IN PART**.

### B. Extension of Deadlines

A court may extend deadlines in the scheduling order for good cause shown. Fed. R. Civ. P. 16(b)(4). Plaintiff requested an extension of the deadlines to make his Rule 26(a) initial disclosures and answer discovery because he was incarcerated and lacked access to documents and information needed to make the disclosures and respond fully to discovery requests. Plaintiff also argues that he was exempt from Rule 26(a) initial disclosures due to his incarceration. Defendant opposes the extension based on the fact that the District Court considered Plaintiff's incarceration prior to setting the deadlines in the CMO.

The District Court previously determined that the exemption from initial disclosures for *pro se* persons in custody did not apply because Plaintiff was not in custody when he filed this case (January 28, 2009 Order at 1-2). The District Court also considered the issue of "Plaintiff's incarceration as a hindrance in conducting discovery" (CMO at 2, D) when crafting the CMO. It appears, however, that Plaintiff recognized his inability to conduct discovery in compliance with the CMO absent counsel, and filed a motion to appoint counsel prior to the deadline for initial disclosures. Plaintiff's subsequent motion

to amend the CMO indicates that he was waiting for a ruling on his motion to appoint counsel before proceeding with his discovery obligations under the CMO (Pl.'s Obj. to CMO at 2).

While it is beyond dispute that Plaintiff should have attempted compliance with the CMO while contesting it, the Court does not find that Plaintiff's failure to do so, given Plaintiff's *pro se* status, was in bad faith or meant to hinder or delay this proceeding. Consequently, the Court finds good cause to **GRANT** Plaintiff's motion to amend the discovery deadlines [DE-35 & 44] as follows: Plaintiff has until and including **March 24, 2009**, to provide the initial disclosures required by Rule 26(a)(1); Plaintiff has until and including **March 31, 2009**, to respond to any outstanding discovery; and all discovery shall be commenced or served in time to be completed by **April 30, 2009**. The Court recognizes that the District Court considered Defendants' counsel's upcoming maternity leave when setting the discovery deadlines. To the extent the extension of the discovery deadlines causes hardship to Defendants' counsel, the Court will consider further extension to prevent prejudice to Defendant. Furthermore, any future non-compliance by Plaintiff may result in the imposition of sanctions, including dismissal of his case.

### C. Objection to Discovery Requests

Plaintiff, in his motion to extend discovery deadlines [DE-35], has also objected to interrogatories and requests for admissions propounded by Defendants as irrelevant and violative of his right to privacy. Plaintiff has not directed the Court to any specific interrogatories or requests for admissions that he finds objectionable. Consequently, the Court cannot evaluate the merit of Plaintiff's objection. Generally, however, Plaintiff should bear in mind that by asserting a claim for intentional infliction of emotional stress and seeking lost wages, he has to some extent placed his physical and mental health and

employment history at issue. As such, Plaintiff's objection to Defendants' discovery requests [DE-35] is **DENIED**.

### D.     Motion for Sanctions

Defendants seek sanctions, specifically dismissal of Plaintiff's complaint, pursuant to Rule 37(d)(1)(A)(ii) and/or Rule 16(f), which provide, respectively, that a court may order sanctions upon a failure to respond to discovery or a failure to comply with a court order. Defendants, alternatively, seek an order to compel [DE-39]. In determining whether to dismiss the case under Rule 37, a court must consider "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001)(quoting *Anderson v. Foundation for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998)).

As discussed above, the Court does not believe that Plaintiff's non-compliance with the CMO and failure to answer discovery was in bad faith. Plaintiff did respond by letter to Defendants' counsel's inquiry regarding the outstanding discovery. He indicated that he did not have access to documents needed to respond and that he had filed a motion to appoint counsel to assist him in responding. This is consistent with Plaintiff's assertions in his motions filed with the Court. The Court, therefore, **RECOMMENDS** that Defendants' motion for sanctions [DE-39] be **DENIED**. However, as Plaintiff has failed to respond to valid discovery requests, it is **RECOMMENDED** that Defendants' alternative request for an order to compel be **GRANTED** and that Plaintiff be compelled to respond to all outstanding discovery on or before March 31, 2009, and that failure to fully and timely respond to such discovery will result in the imposition of appropriate sanctions.

## III. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to amend the subjects of discovery [DE-34] and **GRANTS** Plaintiff's motions to amend the discovery deadlines [DE-35 & 44] as follows: Plaintiff has until and including **March 24, 2009**, to provide the information required by Rule 26(a)(1); Plaintiff has until and including **March 31, 2009**, to respond to any outstanding discovery; and all discovery shall be commenced or served in time to be completed by **April 30, 2009**. The Court **DENIES** Plaintiff's objection to Defendants' discovery requests [DE-35].

The Court further **RECOMMENDS** that Defendants' motion for sanctions [DE-39] be **DENIED**, that Defendants' alternative request for an order to compel be **GRANTED**, that Plaintiff be compelled to respond to all outstanding discovery on or before March 31, 2009, and that failure to fully and timely respond to such discovery will result in the imposition of appropriate sanctions.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a *de novo* review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This 10th day of March, 2009.

DAVID W. DANIEL
United States Magistrate Judge